IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN HESS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:16-CV-00668-KOB |
| ) | |
| VOLKSWAGEN GROUP OF ) | |
| AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT VWGoA's RESPONSE TO PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR RULING ON ITS MOTION FOR EXTENSION OF TIME**

Defendant Volkswagen Group of America, Inc. ("VWGoA") opposes Plaintiffs' motion for default judgment (Doc. 14) and requests that the Court grant VWGoA's motion for extension of time to respond to the Complaint. In support of its position, VWGoA states as follows:

**BACKGROUND**

1. On April 27, 2016, VWGoA filed a motion for a stay of this case pending its transfer to *In re: Volkswagen "Clean Diesel" Marketing Sales Practices, and Products Liability Litigation*, MDL No. 2672. (Doc. 4).  That motion also sought an extension of time to file any pleadings directed to the Complaint and to comply with any pretrial obligations as those matters ultimately would be addressed in the MDL.  Plaintiffs opposed VWGoA's request for a stay (Doc. 11)[1] and filed a motion to remand (Doc. 3).

2. On April 28, 2016, the JMPL entered Conditional Transfer Order 38 ("CTO-38"), transferring potential tag-along cases, including this case, to MDL No. 2672.  *See In re:*

---

[1] Plaintiffs' opposition to VWGoA's motion for a stay (Doc. 11) did not contest or even address VWGoA's request for an extension to file any pleadings directed to the Complaint.

*Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation* (Doc. 1562). Plaintiffs subsequently filed a notice of opposition, (Doc. 1565), and a motion to vacate CTO-38. (Doc. 1657). Those motions are currently pending in the JPML.

3. The JPML has not denied transfer of any case that VWGoA has identified as a potential tag-along action, including numerous cases in which plaintiffs have opposed transfer. *See, e.g.*, MDL No. 2672, Transfer Order, Doc. 1716 (transferring, without exception, all 41 "opposed" cases, noting that any pending motions to remand can be presented to the transferee judge).[2] In fact, in its recent Transfer Order, the MDL Panel reaffirmed the importance of the judicial consistency and economy that MDL centralization ensures:

> After considering the argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2672, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Northern District of California was an appropriate Section 1407 forum for actions sharing factual questions regarding the role of VW and related entities in equipping certain 2.0 and 3.0 liter diesel engines with software allegedly designed to engage emissions controls only when the vehicles undergo official testing, while at other times the engines emit nitrous oxide well in excess of legal limits. *See In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, ___ F. Supp. 3d ___, 2015 WL 8543102 (J.P.M.L., Dec. 8, 2015). These actions involve allegations related to affected VW, Audi and/or Porsche vehicles and clearly fall within the MDL's ambit.

*Id.* at 1-2.

---

[2] This transfer order includes six cases pending in Alabama district courts: *Marino v. Volkswagen Group of America, Inc.*, No. 2:16-cv-00280-RDP (N.D. Ala.); *Benson v. Volkswagen Group of America*, 5:16-cv-00169-HGD (N.D. Ala.); *Summers v. Volkswagen Group of America*, 7:16-cv-00168-JHE (N.D. Ala.); *Chadwick v. Volkswagen Group of America, Inc.*, 1:16-cv-00042-CG-M (S.D. Ala.); *Wagner v. Volkswagen Group of America, Inc.*, No. 1:16-cv-00069-CB-N (S.D. Ala.)*;* and *Scharwath v. Volkswagen Group of America, Inc.*, No. 1:16-cv-00073-CG-N (S.D. Ala.).

4. On May 27, 2016, Plaintiffs filed a motion for default judgment. (Doc. 14). Counsel for VWGoA was surprised to receive Plaintiffs' motion, especially given that the parties attended a status conference the previous day during which Plaintiffs' counsel said nothing about filing it. Shortly thereafter, the Court entered a text order denying VWGoA's motion for a stay of proceedings and directing VWGoA to respond to Plaintiffs' motion for default judgment within 14 days. (Docs. 15 and 16). The text order did not address VWGoA's motion for an extension of time to respond to the Complaint.

## ARGUMENT

The Federal Rules of Civil Procedure provide that a default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Entry of judgment by default, however, is a "drastic remedy" that should only be used in "extreme cases." *Blackmon v. Johnson*, No. 05-00316-BH-B, 2008 WL 3892104, at *1 (S.D. Ala. Aug. 19, 2008) (citing and quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). In this Circuit, "there is a strong policy of determining cases on their merits and [courts] therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.,* 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Capitol Records v. Carmichael,* 508 F. Supp.2d 1079, 1082 (S.D. Ala. 2007) (same); *Marschauser v. Travelers Indem. Co.,* 145 F.R.D. 605, 610 (S.D. Fla. 1992) ("The law does not favor defaults, and any doubts as to whether a party is in default should be decided in favor of the defaulting party.") (citations omitted).

This extreme remedy is not warranted here where VWGoA has "demonstrated [its] willingness to defend the claims against it." *See Abrams v. CIBA Specialty Chemicals Corp.*, No. 08-0068-WS-B, 2008 WL 4183344, at *13 (S.D. Ala. Sept. 10, 2008). Promptly after removing the case to this Court, VWGoA timely filed a motion for a stay of proceedings pending

transfer to the MDL and as part of the motion requested an extension of time to respond to the Complaint.[3]  Thereafter, as freely admitted in Plaintiffs' motion for default judgment, VWGoA "spent considerable time" and effort responding to the motion to remand.  In addition, VWGoA attended a status conference with Plaintiffs' counsel and has been responsive to Plaintiffs' counsel's correspondence regarding a planning meeting.

This is not a case in which VWGoA has simply "failed to defend the claims against [it] following proper service of process." *See Capitol Records*, 508 F. Supp.2d at 1082. *Cf. Capitol Records*, 508 F. Supp.2d at 1082 (default appropriate were defendant failed to appear or otherwise acknowledge pendency of a lawsuit against her for more than eight months after being served); *Flynn v. Angelucci Bros & Sons, Inc.*, 448 F. Supp.2d 193, 195 (D.D.C. 2006) (default appropriate "when the adversary process has been halted because of an essentially unresponsive party").  Any short delay effected by VWGoA's failure to respond to the Complaint has in no way prejudiced Plaintiffs or "halted" the adversarial process.

Moreover, since the consolidation of these actions in the Northern District of California before Judge Breyer, the Plaintiffs' Steering Committee in the MDL has filed a consumer class action complaint, and Judge Breyer has issued a set of Pretrial Orders related to discovery,

---

[3] Motions to stay are "historically . . . recognized as tolling the time period for answering a complaint because consideration of these motions prior to the answer has been found to maximize the effective utilization of judicial resources."  *Intravascular Research Ltd. v. Endosonics Corp.*, 994 F. Supp. 564 (D.C. Del. 1998) (citing Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1360 (3d ed.)); *see also Questech Capital Corp. v. Flight Dynamics, Inc.*, No. 83 CIV. 6986, 1984 WL 327, at *4 (S.D.N.Y. May 7, 1984) (defendant's motion to stay all proceedings pending final determination of action between parties in state court "tolled its time to answer or otherwise move with respect to the complaint" and defendant "was under no affirmative duty to file further motions or proceedings"); *Parker v. Transcontinental & Western Air, Inc.*, 4 F.R.D. 325, 326 (W.D. Mo. 1944) (denying plaintiff's motion for default judgment, expressly stating that it was only after a decision on the defendant's motion to stay the proceedings that "it then became the duty of the defendant to file motions or other proceedings in the case").

4

remand motions, a protective order, and state court coordination.  *See* MDL No. 2672, Pretrial Order Nos. 9, 10, 12, 13, and 17, Doc. Nos. 1252, 1253, 1255, 1256, and 1390.  Given the affirmative steps taken in the MDL, VWGoA should not be required to expend its resources responding to individual complaints or engaging in case by case discovery at this time.

      WHEREFORE, Defendant VWGoA respectfully requests that this Court deny Plaintiffs' motion for default judgment and enter an order granting VWGoA's request for an extension of time to respond to the Complaint pending transfer to MDL No. 2672.  In the alternative, VWGoA respectfully moves this Court for an order extending the time within which it must file a responsive pleading until 20 days after the Court's ruling on the motion to remand.

      Respectfully submitted,

/s/ *Sara Anne Ford*
   One of the Attorneys for Volkswagen Group of America, Inc.

OF COUNSEL:
Harlan I. Prater, IV (PRA004)
Sara Anne Ford (FOR037)
Amie A. Vague (VAG001)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL  35203-3200
(205) 581-0700
(205) 581-0799 (Facsimile)

## **CERTIFICATE OF SERVICE**

  This is to certify that on this 9th day of June, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Taylor C. Bartlett
>M. Blair Clinton
>W. Lewis Garrison, Jr.
>Christopher Hood
>HENINGER GARRISON DAVIS, LLC
>2224 1st Avenue North
>Post Office Box 11310-35202
>Birmingham, AL 35203

             */s/ Sara Anne Ford*
             Of Counsel